The Honorable Bud Canada State Senator 118 Second St. Hot Springs, AR 71913-3636
Dear Senator Canada:
This is in response to your request for an opinion regarding the legality of Montgomery County, Arkansas Ordinance No. 2000-27, which is entitled:
 A GENERAL ORDINANCE DECLARING A FINANCIAL EMERGENCY AND REQUIRING THE ISSUANCE OF PURCHASE ORDERS PRIOR TO OBLIGATING AND EXPENDING APPROPRIATED COUNTY GENERAL REVENUE FUNDS FOR THE YEAR 2000 IN THE BUDGETS CONTROLLED BY THE MONTGOMERY COUNTY SHERIFF AND DECLARING EMERGENCY
The Ordinance recites the fact that as of September 7, 2000, approximately 82% of the Sheriff's budget has been expended, and that an emergency exists within the budgets controlled by the Sheriff. Under the Ordinance, the Sheriff must present a a "request for approval" to the Finance Committee of the Montgomery County Quorum Court "prior to obligating any and all appropriated county general revenue funds for the rent, lease, trade, repair, purchase, or payment of any salary and related match or fringe benefits, goods, supplies, services, fuel, oil, tires, equipment, or any other items or things — regardless of value. . . ." See Ordinance at paragraph 1. If the request is approved, a Purchase Order will be issued by the County Judge; otherwise, the Sheriff is prohibited from making any purchase or obligating the County for any expenditure of appropriated funds. Id. At paragraphs 2 and 3.
RESPONSE
Please note that I have enclosed a copy of Attorney General Opinion2000-262, which was recently issued to State Representative Steve Oglesby in response to this same question. I concluded therein that if challenged, this county ordinance would likely fail to withstand scrutiny under the separation of powers doctrine.
Please refer to Opinion 2000-262 for the applicable legal analysis.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure